## THE MINNEAPOLIS.

### (Circuit Court of Appeals, Second Circuit. March 4, 1904.)

### No. 108.

1. COLLISION—SHIP MAKING BERTH—REFUSAL OF SMALL BOAT TO GIVE WAY.
    A barge lying at the end of a pier in New York, although rightfully there, which refused the offer of a steamship to remove her temporarily while the ship was making her berth in an adjacent slip and to return her afterward, took the risk of injury from the docking of the ship if the latter was properly handled, and cannot recover therefor without proving fault.

Appeal from the District Court of the United States for the Southern District of New York.

The following is the opinion of the court below (Holt, District Judge):

I think that this case cannot be distinguished from the case of The Etruria (D. C.) 88 Fed. 555.

The libel should be dismissed, with costs.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, dismissing a libel brought to recover damages sustained by the scow Austria, while lying at the end of Pier 37, North river, by reason of coming into contact with the steamship Minneapolis, which was docking at Pier 39.

Louis B. Adams, for appellant.

J. Parker Kirlin and John M. Woolsey, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. There has been a complete failure to establish any of the faults specifically averred in the libel, and we concur with the District Judge in the conclusion that the cause is within the rule laid down in The Etruria (D. C.) 88 Fed. 555. The Austria was not in fault for shifting from the side to the end of Pier 37; she was there for a legitimate purpose, viz., to discharge the stone needed for an extension of that pier. But we are satisfied that the weight of evidence shows that, at a time early enough to avoid all risk, those who had the berthing of the Minneapolis in charge urged the captain of the scow to shift her position, and proffered the use of one of their tugs to remove her temporarily, with the promise to return her to her old position when the berthing might be completed.

The decree of the District Court is affirmed, with costs.